## JOHN GARLAND *vs.* PATRICK LINSKEY.

An assignment of future earnings made for a valuable consideration and for a definite time, and duly recorded in the town of the residence of the assignor, is not affected during the time stated by the subsequent removal of the assignor to another town.

Pub. Laws R. I, cap. 458, construed.

EXCEPTIONS to rulings of district court.

*February* 16, 1897. TILLINGHAST, J. The bill of exceptions in this case shows that the District Court of the Tenth Judicial District charged the garnishee named in the writ upon the following facts, viz: The defendant resided in the town of Cumberland, and for a valuable consideration made an assignment of his wages, for a certain definite time, to one Michael Quinn, and before the expiration of said time the defendant removed to and took up his residence in the city of Central Falls. The court ruled that the assignment was rendered invalid by his removal, inasmuch as the assignor failed to record said assignment in the city to which he removed.

The affidavit of the garnishee sets out that at the time of the service upon it of the writ in this case there was the sum of $24.82 of the wages of the defendant in its possession, "and that the same belonged to one Michael Quinn as per assignment dated the 16th day of September, 1895."

The case shows that said assignment was made on the 16th day of September, 1895, that it was duly recorded in the town of Cumberland, and was to be operative as a conveyance of all the wages of the assignor in the hands of the garnishee until July 1, 1896. The only question before us, therefore, is whether said assignment continued in force, notwithstanding the removal of the assignor to Central Falls after the making and recording thereof in Cumberland. We think it did. Pub. Laws R. I. cap. 458, passed May 29, 1884, is as follows: "No assignment of future earnings hereafter made shall be valid except as between the parties thereto until the same has been recorded in the office of the town clerk, or of the recorder of deeds, as the case may be, of the town where the assignor resides, if a resident of this State, and if not a resident of this State in the office of the town clerk or of the recorder of deeds, as the case may be, in the town where said assignor is employed, in a book kept for that purpose." Said assignment, having been made in accordance with this statute, was not affected by the subsequent removal of the assignor to another town. The case is quite similar to that of the removal of a mortgagor of personal property from the town in which he resided when the mortgage was executed, and where it was duly recorded. And it seems to be well settled that in such a case the removal of the mortgagor, and even the taking of the mortgaged property with him, does not invalidate the record of the mortgage, or necessitate the recording of it again in the town to which the mortgagor removes. The object in requiring a record of the mortgage, as stated by Jones on Chattel Mortgages, § 260, "is to give publicity to it, and to provide a source of information common to all persons, so that they may determine with some degree of facility, convenience and certainty the question of title to the property

whenever they may be interested to know it ; while at the same time it is not among the purposes of the recording acts to subject a bona fide mortgagee to the inconvenience of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests if he were obliged to record his mortgage in every town into which the mortgagor might see fit to remove with the property." We are, therefore, of the opinion that the court erred in charging the garnishee, and the exception to the ruling must be sustained.

The case is remitted to said district court, with direction to enter an order discharging the garnishee.

*Charles H. Page & Franklin P. Owen*, for plaintiff.

*Peter J. Quinn*, for defendant.